```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BECKLEY
```

**RALPH COOPER, Individually
and as Independent Representative
of the Estate of Betty Jean Dancy,
and as Representative of all other
wrongful death beneficiaries,
LEE ROY DANCY, Individually,
LEONA KAY MILLS, Individually,**

    Plaintiffs,

v.                                            Civil Action No: 5:04-1317

**APPALACHIAN REGIONAL HEALTHCARE, INC.,
APPALACHIAN REGIONAL HEALTHCARE, INC.
d/b/a BECKLEY APPALACHIAN REGIONAL HOSPITAL,
APPALACHIAN REGIONAL HEALTHCARE, INC.
d/b/a BECKLEY ARH HOSPITAL,
HILLTOP HEALTH CARE CENTER, INC.,
HILLTOP HEALTHCARE CENTER, INC.
d/b/a HILLTOP CENTER,
HILLTOP HEALTHCARE CENTER, INC.,
d/b/a HILLTOP CENTER-GENESIS ELDERLY
CARE NETWORK,
HILLTOP CENTER-GENESIS ELDERLY
CARE NETWORK IN ITS ASSUMED OR COMMON NAME,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Appalachian Regional Healthcare, Inc.'s motion to dismiss and Hilltop Health Care Center, Inc.'s motion to dismiss. Having reviewed the record and applicable law and for the reasons outlined below, Appalachian Regional Healthcare, Inc.'s motion to dismiss (Doc. No. 20) and Hilltop Health Care Center, Inc.'s motion to dismiss (Doc. No. 22) are GRANTED IN PART and DENIED IN PART. Defendants' motions to dismiss are DENIED insofar as they seek dismissal due to

deficiencies in plaintiffs' pre-suit notice of claim and screening certificate. Hilltop Health Care Center's motion to dismiss is DENIED insofar as it alleges that plaintiffs' claims are barred by the statute of limitations. Defendants' motions to dismiss are GRANTED insofar as they seek the removal of plaintiffs Lee Roy Dancy and Leona Kay Mills as Betty Jean Dancy's personal representatives bringing the wrongful death claim (Count II).

The Clerk is DIRECTED to amend the style as to Lee Roy Dancy and Leona Kay Mills to remove them in all but their individual capacities. As amended the style should read, "LEE ROY DANCY, Individually" and "LEONA KAY MILLS, Individually." The Clerk is further directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

**I.  Background**

On December 17, 2004, plaintiffs filed a complaint against Appalachian Regional Health Care and related corporate entities alleging negligence and wrongful death (collectively "ARH"). (Doc. No. 1 ¶¶ 9-26.) On February 8, 2004, plaintiffs filed an amended complaint adding similar claims against Hilltop Health Care Center, Inc. and related corporate entities (collectively "Hilltop"). (Doc. No. 3.) Plaintiffs allege that Betty Jean Dancy suffered injuries from negligent care during her stay at Appalachian Regional Hospital during August and September 2002

and at Hilltop Health Care Center during September and November 2002. (Id. ¶¶ 11-12.) Plaintiffs allege that these injuries and poor care by both defendants caused her death on November 21, 2002. (Id.) Plaintiffs are Betty Jean Dancy's children. (Id. ¶¶ 1-3.) Plaintiff Cooper is the executor of her estate. (Id. ¶ 1, Ex. A.)

On May 5, 2005, ARH moved to dismiss alleging that plaintiffs failed to comply with the West Virginia Medical Professional Liability Act ("MPLA"), which places certain pre-suit requirements on claimants in medical malpractice cases. W. Va. Code § 55-7B-1 et. seq. ARH and Hilltop argue that plaintiffs' certificate of merit was deficient under the statute because the nurse who prepared it is not qualified as an expert on cause of death and because its contents were not sworn. (Doc. No. 21 at 6-8; Doc. No. 23 at 8-11.) In addition, ARH and Hilltop seek to have the wrongful death claim dismissed as to plaintiffs Lee Roy Dancy and Leona Kay Mills because neither is the personal representative of Betty Jean Dancy. (Doc. No. 21 at 9-10; Doc. No. 23 at 12-13.)

Hilltop alone moves to dismiss on the basis that plaintiffs' claims are barred by the statute of limitations. (Doc. No. 23 at 5-8.) Hilltop adds that plaintiffs' statement of intent to provide a certificate of merit was deficient because they failed

to send them to all Hilltop defendants and failed to disclose the ARH defendants in their statement. (Doc. No. 23 at 11-12.)

## II. Analysis

### A. Sufficiency of Plaintiffs' Pre-Suit Notices

Collectively, defendants allege a total of four technical deficiencies in plaintiffs' screening certificate: (1) Nurse Squires' lack of qualification to give an expert opinion on cause of death, (2) the non-sworn character of certificate, (3) plaintiffs' failure to serve all Hilltop defendants, and (4) plaintiffs' failure to disclose the ARH defendants in certificate. Defendants waived these objections by failing to specifically raise them in a pre-suit response to plaintiffs' screening certificate. Moreover, West Virginia law does not support dismissal as a remedy for such technical violations when plaintiffs acted in good faith and served the statutory purposes of the pre-suit requirements.

In a medical professional liability case, West Virginia law requires that the claimant send a notice of claim to healthcare providers the claimant intends to sue. W. Va. Code. § 55-7B-1(b). Alternatively, the plaintiff can provide a statement of intent to provide a screening certificate and later send the screening certificate. Id. § 55-7B-1(d). Filing a notice of claim or statement of intent under the statute operates to toll any applicable statute of limitations. Id. § 55-7B-1(h). Among

other things, the screening certificate must be executed under oath by a healthcare provider qualified as an expert under the West Virginia rules of evidence.  Id. § 55-7B-1(b).

To preserve objections to the legal sufficiency of a screening certificate, a healthcare provider must respond within thirty days of receiving the certificate.  Hinchman v Gillette, 618 S.E.2d 387, 395 (W. Va. 2005).  In its response, the healthcare provider must specifically point out deficiencies in the certificate.  Id.  After that, the claimant must be permitted a reasonable amount of time not to exceed thirty days to respond or correct the deficiencies.  Id.  Failure to respond to the screening certificate waives the provider's objections.  Id.

There is no evidence in the record that either defendant responded to the screening certificate within thirty days or any time before filing these motions to dismiss.  Construing the facts in the light most favorable to plaintiffs, the court must assume that defendants did not.  Thus, defendants' objections to the screening certificates are waived.

Even if defendants had preserved their objections to the certificate of merit by responding to the certificate and identifying insufficiencies with particularity, the court believes dismissal would not be warranted under West Virginia law.  The West Virginia Supreme Court of Appeals made clear that the MPLA is not intended to restrict access to the courts or

create an opportunity for gamesmanship.  Hinchman, 618 S.E.2d at 394.  The thrust of the court's position is that plaintiffs must make a good faith and reasonable effort to further statutory purposes of preventing frivolous claims and promoting pre-suit resolution of claims.  Id. at 395.

This policy led the West Virginia Supreme Court of Appeals to reverse a district court's dismissal with instructions to permit the plaintiff time to comply with the MPLA pre-suit requirements.  Gray v. Mena, 2005 WL 3199383, *5-6 (W. Va. Nov. 30, 2005).  In that case, the court stated that dismissal was an unduly harsh remedy given the plaintiff's good faith belief that her assault and battery claim was not subject to MPLA requirements.  Id.

Given West Virginia's approach to the pre-suit requirements, this court believes that plaintiffs' pre-suit efforts were made in good faith and that the notice and screening certificate served the dual purposes of the statute.  Nurse Squires' certificate provided support for most of plaintiffs' allegations, and as such, helped show that this case is not clearly frivolous.  (See Doc. No. 20, Ex. C.)  In addition, the certificate was substantial enough to put defendants on notice of the claims against them and to allow them an opportunity to request pre-suit mediation.  Thus, the court believes the harsh remedy of dismissal for plaintiffs' technical failures is inconsistent with

the liberal interpretation of MPLA applied by West Virginia courts. Accordingly, the court rejects defendants' challenges to the sufficiency of plaintiffs' pre-suit notices as a ground for dismissal.

### B. Statute of Limitations

Hilltop alleges that plaintiffs' claims are barred by the statute of limitations. Hilltop badly misreads MPLA. Plaintiffs' claims against Hilltop are not barred by the statute of limitations because plaintiffs filed those claims before the expiration of the tolling period triggered by issuance of pre-suit notices under MPLA.

Plaintiffs proceeded under a provision of the MPLA allowing them to file a statement of intent to provide a screening certificate within sixty days ("statement of intent"). See W. Va. Code § 55-7B-6(d). Under MPLA, claims are tolled by the filing of a statement of intent. Id. § 55-7B-6(h). The tolling period depends on when and if the defendant responds. The statute makes clear that defendants may respond within thirty days of receipt of a screening certificate if the plaintiff files a statement of intent. Thus, a plaintiff's claims are tolled for the latter of (1) thirty days from the day the defendant responds to the screening certificate, (2) thirty days from the date a response to the screening certificate would be due, or (3) thirty

7

days from the date a claimant receives notice from the mediator that mediation has concluded without a settlement. Id.

In this case, plaintiffs' claims were tolled by the filing of the statement of intent on October 11, 2004. Plaintiffs sent their certificate of merit on December 10, 2004, well within the sixty days permitted. Thus, Hilltop had until January 9, 2005 to respond to plaintiffs' certificate of merit, and plaintiffs had until February 8, 2004 to file their complaint against Hilltop. Since the complaint was filed on February 8, 2004, it was filed in a timely fashion and is not barred by the statute of limitations. Accordingly, the court rejects this ground for dismissal.

**C. Dismissal of Certain Plaintiffs Suing for Wrongful Death**

Under West Virginia law, only the duly appointed personal representative of the decedent's estate may bring a wrongful death action. W. Va. Code § 55-7-6. Construing this statute, this court dismissed a plaintiff in her individual capacity from a wrongful death action based on the statute. See Jones v. George, 533 F. Supp. 1293, 1307 (S.D. W. Va. 1982); see also Richardson v. Kennedy, 197 W. Va. 326, 332, 475 S.E.2d 418, 424 (1996). Accordingly, plaintiffs Lee Roy Dancy and Leona Kay Mills are dismissed from the wrongful death claim and each may proceed only in his or her individual capacity (Count II of the First Amended Complaint).

### III. Conclusion

For the reasons outlined above, defendants' motions to dismiss are GRANTED IN PART and DENIED IN PART. The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 3rd day of March, 2006.

ENTER:

David A. Faber
Chief Judge